UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK,

------------------------------------------------------------------------ X

JANE DOE,

          Plaintiff,

    -against-

ROBERT CARLUCCI, in his individual capacity,
TOWN/VILLAGE OF HARRISON,

       Defendants.

------------------------------------------------------------------------ X

| | |
|---|---|
| | **COMPLAINT** |
| | Case No. |
| | JURY TRIAL DEMANDED |

Plaintiff Jane Doe, by and through her attorneys, Rachel L. Black, Amanda T. Brody, and David B. Rankin and Olivia Clark from Beldock, Levine & Hoffman, LLP, alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff Jane Doe ("Plaintiff") brings this civil rights action against now-retired Lieutenant Robert Carlucci ("Defendant Carlucci") and the Town/Village of Harrison, New York (collectively "Defendants") pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights under the Fourteenth Amendment to the United States Constitution, including her rights to bodily integrity, substantive due process, and equal protection of the laws. Plaintiff further asserts a cause of action for a non-consensual offensive battery – here, the rape of Jane Doe by now-retired defendant Carlucci while he was on duty as a Lieutenant with the Harrison Police Department.

2.      On or about August 4, 2023, Plaintiff was experiencing a medical, physical, and mental health crisis. She contacted the Town/Village of Harrison Police Department seeking help. Defendant Carlucci responded in person to Jane Doe's home. Instead of aiding Jane Doe,

1

Defendant Carlucci raped and sexually assaulted Plaintiff while Plaintiff was legally and physically incapable of consent during an official police response and welfare check. Defendant Carlucci used his position of authority, disabled or removed his body camera, and isolated her by falsely declaring over radio to the police station first "You can disregard. I have this under control," and subsequently, "no police matter here."

3. Defendant Carlucci's conduct shocks the conscience, violated clearly established constitutional rights, and resulted from policies, customs, and practices of Defendant Town/Village of Harrison that exhibited deliberate indifference to the risk of such exploitation.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983 for violations of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

5. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Defendant Carlucci is a resident of the County of Bronx and many of the acts alleged herein took place in the County of Bronx.

7. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§§ 1391(b)(1) and (b)(2) as Plaintiff and Defendants are located within this district, and the harms alleged here occurred within this district.

## JURY DEMAND

8. Plaintiff demands a trial by jury in this action on each of her claims for which a jury is available.

## THE PARTIES

9. Plaintiff Jane Doe is an adult female resident of the State of New York.

10.     Defendant Carlucci was, at all relevant times, a sworn police lieutenant employed by the Town/Village of Harrison Police Department. Defendant Carlucci acted under color of state law in connection with the events described herein. Defendant Carlucci is sued in his individual capacity. After these allegations were made, he retired from the Town/Village of Harrison Police Department.

11.     Defendant Town/Village of Harrison is a municipal corporation organized under the laws of the State of New York. Defendant Town/Village of Harrison is responsible for the hiring, training, supervision, discipline, and retention of its police officers, including Defendant Carlucci. The Defendant Town/Village of Harrison maintains policies, customs, and practices governing police responses to mental health crises and the use of body-worn cameras. Not only were those policies, customs, and procedures violated by Defendant Carlucci on August 4, 2023, but on information and belief, these were not the first allegations of sexual misconduct made to the Harrison Police Department about Defendant Carlucci. Despite their notice and having evidence of prior sexual misconduct by Defendant Carlucci, and Town/Village of Harrison allowed him to remain on the force and as espoused below, in a position uniquely poised to prey on vulnerable women.

**FACTUAL ALLEGATIONS**

12.     On or about August 4, 2023, at approximately 1:49 a.m., Plaintiff Jane Doe placed a telephone call to the police station seeking help; Police Officer Caldarola answered the phone.

13.     During the call, Plaintiff asked to speak with two specific officers, but Police Officer Caldarola informed Plaintiff the two officers were unavailable.

14.     Police Officer Caldarola next stated that Defendant Carlucci was the supervisor on duty that night.

15. Defendant Carlucci then joined the call. During the conversation, Plaintiff requested assistance and asked that Defendant Carlucci come to her residence.

16. Defendant Carlucci then stated in sum and substance, "I'll come down there but I gotta bring somebody else with me alright, but you want to talk to me I'm going to have somebody else there with me anyway, but we can talk in private if you have to, ok?"

17. Defendant Carlucci understood, or at the very minimum reasonably should have understood, that this was at the very least, a mental health crisis requiring a professional response. Defendant Carlucci also knew that Plaintiff Jane Doe was particularly vulnerable because Defendant Carlucci has responded to an emergency distress call at Plaintiff's address on at least one prior occasion that resulted in Plaintiff receiving emergency care. In this way, Defendant Carlucci had knowledge of Plaintiff, her residence, and further, that she would be in a vulnerable position.

18. At approximately 2:02 a.m., Defendant Carlucci responded to Plaintiff's residence in his radio motor patrol car equipped with body worn cameras.

19. Contrary to his previously stated intention, Defendant Carlucci came alone, approaching Jane Doe's doorstep alone and with no partner or other officer present. Defendant Carlucci further did not use his body worn cameras.

20. Before entering Jane Doe's home, Defendant Carlucci radioed back to the police station "You can disregard. I have this under control."

21. Upon arrival, Defendant Carlucci was wearing his police uniform, badge, radio, and gun, and displayed the authority, power, and control inherent in his position as a supervisory law enforcement officer. Defendant Carlucci was aware of Plaintiff's intoxication, vulnerability, and mental health state, as these circumstances formed the entire basis for the police response.

22.     On information and belief, Defendant Carlucci had received specialized training in crisis intervention and mental health response through his employment with the Town/Village of Harrison Police Department. This training equipped him to recognize signs of mental and physical health crises and to respond appropriately – but also positioned him uniquely to have access to women in crisis.

23.     Despite his training, specialized knowledge, and Plaintiff's obvious need for mental and physical health intervention, Defendant Carlucci chose not to summon professional medical assistance for Plaintiff. Instead, Defendant Carlucci exploited Plaintiff's vulnerable condition for his own sexual gratification while acting under color of state law.

24.     Before or upon entering the residence, Defendant Carlucci either removed or turned off his body-worn camera.

25.     While inside Plaintiff's residence, during the same continuous interaction that began with Plaintiff's call for help and Defendant Carlucci official police response, Defendant Carlucci raped a severely intoxicated and distraught Plaintiff.

26.     First, Defendant Carlucci made Plaintiff perform oral sex. Defendant Carlucci then physically moved Plaintiff by picking her up and carrying her to another room, which was significantly farther away from the residence door. Defendant Carlucci then penetrated Plaintiff's vagina with his penis. This rape occurred in the context of, and was made possible solely by, Defendant Carlucci exercise of official police authority.

27.     Defendant Carlucci's authority, access to Plaintiff, his isolation of Plaintiff from other officers, and control over the situation were derived entirely from his official position as a police lieutenant responding to a crisis call.

28.     Plaintiff's interaction with and compliance toward Defendant Carlucci was shaped and coerced by multiple factors arising from Defendant's official authority, including but not limited to: Defendant Carlucci's position as a police lieutenant with supervisory authority; Plaintiff's extreme intoxication, emotional vulnerability, and mental health crisis state; the absence of any other responding officer inside the residence; Defendant Carlucci's control over whether Plaintiff would receive the help or assistance she desperately needed and had requested; Plaintiff's reasonable belief that Defendant Carlucci was acting in his official capacity; the power imbalance inherent in the officer-citizen relationship, particularly during a crisis response.

29.     At approximately 2:39 a.m., Defendant Carlucci radioed back to the police station and reported "no police matter here." At no time did Defendant Carlucci advise Plaintiff that he was ceasing to act in his official capacity, that she was free to decline further interaction, or that his continued presence was personal rather than professional.

30.     At all relevant times during the encounter, Plaintiff was intoxicated, emotionally vulnerable, in distress, and in need of professional medical assistance.

31.     Any purported "consent" by Plaintiff was legally and constitutionally invalid because it was obtained through the abuse of governmental power, exploitation of vulnerability, absence of meaningful choice, and the entire assault occurred while Plaintiff was legally incapable of consent, due to her extreme intoxication.

32.     Following the rape of Plaintiff, Defendant Carlucci took advantage of his power and position to continue to groom Claimant for almost a year in anticipation of continued sexual conduct. This opportunity for Defendant Carlucci to continue to groom Claimant was inextricably linked to Defendant Carlucci's initial abuse of police authority when he raped Plaintiff during a

response to her crisis call. During this time, Defendant Carlucci resided in Bronx County and would send communications to Plaintiff from Bronx County.

33.     Upon information and belief, Defendant Carlucci would send communications to other women from Bronx County who he likewise attempted to groom in anticipation of sexual conduct.

34.     Defendant Carlucci's gross patterns of exploitation and grooming of women in anticipation of sexual conduct were ones that Defendant Town/Village of Harrison, including through Harrison Police Department, knew or should have known about and failed to prevent. To this end, on information and belief, prior instances of sexual assault against Defendant Carlucci has been reported to the Harrison Police Department. Nonetheless, Defendant Carlucci remained on the force until after Plaintiff's allegations were made. Thereafter, Defendant Carlucci retired. On information and belief, he is currently seeking his license to be an Emergency Medical Technician (EMT).

35.     Defendant Carlucci's gross misuse of the power and authority was enabled, continued and made possible by the purposeful blind eye of Defendant Town/Village of Harrison, including through the Harrison Police Department.

36.     Despite receiving reports and evidence that Defendant Carlucci had engaged in similar conduct on prior occasions, particularly in response to mental health calls from vulnerable women, they continued to cloak him in authority and send him to respond to women's calls unsupervised and alone ultimately resulting in the assault and battery of Jane Doe.

37.     The Harrison Police Department maintained inadequate policies regarding the use of body worn cameras, the requirements of answering calls with partners, and other requirements for responding to calls from members of the community.

**CLAIMS FOR RELIEF**

**COUNT I**
**Violation of Substantive Due Process – Bodily Integrity**
**(Fourteenth Amendment – 42 U.S.C. § 1983)**
**Against Defendant ROBERT CARLUCCI**

38.     Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39.     The Fourteenth Amendment to the United States Constitution protects individuals from government deprivation of liberty without due process of law. The right to bodily integrity is a fundamental liberty interest protected by the Due Process Clause of the Fourteenth Amendment.

40.     Defendant Carlucci, while acting under color of state law, deprived Plaintiff of her clearly established constitutional right to bodily integrity by sexually assaulting and exploiting her during an official police response.

41.     Sexual assault and exploitation by a government official acting under color of law constitutes a conscience-shocking abuse of governmental power in violation of substantive due process.

42.     Defendant Carlucci's conduct was intentional, reckless, and undertaken with deliberate disregard for Plaintiff's constitutional rights, autonomy, dignity, and vulnerability.

43.     As a direct and proximate result of Defendant Carlucci's violations of Plaintiff's constitutional rights, Plaintiff has suffered and continues to suffer severe physical, emotional, and psychological harm.

**COUNT II**
**Violation of Substantive Due Process – Deliberate Indifference**
**(Fourteenth Amendment – 42 U.S.C. § 1983)**
**Against Defendant ROBERT CARLUCCI**

44.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 43 as if fully set forth herein. Defendant Carlucci should have encountered Plaintiff for the express and sole purpose of aiding during a mental and physical health crisis.

45.    Defendant Carlucci assistance was in response to Plaintiff, a citizen, calling Town/Village of Harrison Police Department for help.

46.    Defendant Carlucci knew or at very least reasonably should have known based on his training, prior experience, and the circumstances, that Plaintiff required mental and medical health intervention. Despite this knowledge and his professional obligations, Defendant Carlucci affirmatively chose not to provide or summon appropriate medical or mental health care for Plaintiff so that he could rape and assault her.

47.    Instead of fulfilling his official role, Defendant Carlucci exploited Plaintiff's crisis and assaulted her for his own sexual gratification, demonstrating deliberate indifference to Plaintiff's serious health needs.

48.    Defendant Carlucci's deliberate indifference to Plaintiff's medical and mental health needs and her physical bodily autonomy violated Plaintiff's substantive due process rights under the Fourteenth Amendment. As a direct and proximate result of Defendant Carlucci's violations, Plaintiff has suffered and continues to suffer severe harm.

### COUNT III
### Violation of Equal Protection – Sex-Based Discrimination
### (Fourteenth Amendment – 42 U.S.C. § 1983)
### Against Defendant ROBERT CARLUCCI

49.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 48 as if fully set forth herein. The Equal Protection Clause of the Fourteenth Amendment

prohibits government officials from intentionally discriminating against individuals on the basis of sex.

50.    Defendant Carlucci targeted, assaulted, and exploited Plaintiff, in significant part, because she was a female in a vulnerable physical and mental state.

51.    Defendant Carlucci's sexual assault and exploitation of Plaintiff reflected gender-based predation and was specifically not an isolated personal interaction divorced from his official authority.

52.    Upon information and belief, Defendant Carlucci treated Plaintiff differently from similarly situated male callers seeking crisis assistance, and he specifically targeted vulnerable women for sexual exploitation.

53.    Defendant Carlucci's actions constituted intentional discrimination on the basis of sex in violation of the Equal Protection Clause of the Fourteenth Amendment.

54.    As a direct and proximate result of Defendant Carlucci's violations, Plaintiff suffered and continues to suffer severe harm.

**COUNT IV**
**Violations of Fourth and Fourteenth Amendment Rights**
**(Fourth and Fourteenth Amendment – 42 U.S.C. § 1983)**
**Against Defendant ROBERT CARLUCCI**

55.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 54 as if fully set forth herein.

56.    In committing the acts and omissions complained of herein, Defendant Carlucci acted under color of law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

   a.    The right to privacy;

b. The right to be free from unreasonable search and seizure;

c. The right to be free from excessive force; and

d. The right to be free from deprivation of life and liberty without due process of law.

57. As a direct and proximate result of being deprived of these constitutional rights, Plaintiff suffered the injuries and damages set forth above.

**COUNT V**
**Municipal Liability Under Monell**
**(42 U.S.C. § 1983)**
**Against Defendant TOWN/VILLAGE OF HARRISON**

58. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 57 as if fully set forth herein.

59. Under Monell v. Department of Social Services, 436 U.S. 658 (1978), a municipality may be held liable under 42 U.S.C. § 1983 where a plaintiff's constitutional injury was caused by a municipal policy, custom, or practice.

60. The constitutional violations suffered by Plaintiff were caused by Defendant Town/Village of Harrison's policies, customs, and practices, which exhibited deliberate indifference to the constitutional rights of citizens and to the risk of sexual exploitation during crisis responses. These policies, customs, and practices include:

a. A pattern or custom of permitting supervisory officers to respond alone to mental health calls involving women without meaningful oversight, monitoring, or safeguards;
b. A custom of allowing officers to disable body-worn cameras during civilian encounters without consequence, investigation, or discipline;
c. Failure to audit radio transmissions and follow up on unexplained "no police matter" determinations made during crisis responses, particularly when body cameras were disabled;
d. Failure to train officers with crisis-intervention certification on strict professional boundaries, prohibitions against personal involvement with

vulnerable individuals, and the constitutional implications of exploiting authority;

e.  Failure to investigate, document, or discipline prior instances of sexual misconduct or boundary violations during mental health responses, despite warning signs and complaints;

f.  A culture of deference to supervisory officers that discouraged reporting, intervention, or accountability when subordinate officers witnessed inappropriate conduct;

g.  Failure to establish or enforce policies requiring partner officers to remain present during mental health crisis responses involving vulnerable individuals;

h.  Inadequate supervision and retention of officers with known propensities for misconduct or boundary violations.

61.    These policies, customs, and practices were maintained with deliberate indifference to the known or obvious consequences that citizens—particularly vulnerable women in crisis—would be subjected to sexual exploitation by police officers acting under color of law.

62.    Defendant Town/Village of Harrison's and the Harrison Police Department's policies, customs, and practices were the moving force behind the constitutional violations suffered by Plaintiff.

63.    As a direct and proximate result of Defendant Town/Village of Harrison's unlawful policies, customs, and practices, Plaintiff suffered and continues to suffer severe harm.

## DAMAGES

64.    As a direct and proximate result of Defendant Carlucci and Defendant Town/Village of Harrison's unlawful conduct, Plaintiff has suffered and continues to suffer:

a)  Severe emotional distress, psychological trauma, anxiety, depression, and post-traumatic stress;
b)  Loss of bodily autonomy and dignity;
c)  Physical pain and suffering;
d)  Loss of enjoyment of life;
e)  Past and future medical and therapeutic expenses;
f)  Other economic and non-economic damages.

12

65.     Defendant Carlucci's conduct was willful, wanton, malicious, and undertaken with reckless disregard for Plaintiff's constitutional rights, physical, and mental wellbeing, warranting an award of punitive damages.

66.     Plaintiff is entitled to recover her reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

67.     Plaintiff demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

68.     WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

a.  Compensatory damages in an amount to be determined at trial;
b.  Punitive damages against Defendant Carlucci and Defendant Town/Village of Harrison in an amount sufficient to punish and deter similar conduct;
c.  Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;
d.  Interest;
e.  Pre-judgment and post-judgment interest as provided by law;
f.  Declaratory relief establishing that Defendants violated Plaintiff's constitutional and statutory rights; and
g.  Such other and further relief as this Court deems just and proper.

Dated: July 24, 2026

Respectfully submitted,

_____

Rachel L. Black
Amanda T. Brody
14 Wall Street, Suite 4C
New York, New York 10005

13

(610) 420 -1627
RBlack@Blackfirm.law


_____

David B. Rankin
M. Olivia Clark
BELDOCK LEVINE & HOFFMAN, LLP
99 Park Ave., PH/26th Floor
New York, NY 10016
212-490-0400
drankin@blhny.com
oclark@blhny.com

*Attorneys for Plaintiff*